**Opinion filed July 30, 2009**



**In The**

# Eleventh Court of Appeals

_____

**No. 11-09-00218-CV**

_____

**DAVID S. SHAHEEN, Appellant**

**V.**

**LUCKIE'S AUTO & TRUCK REPAIR, INC., Appellee**

**On Appeal from the 40th District Court**

**Ellis County, Texas**

**Trial Court Cause No. 76793**

## M E M O R A N D U M   O P I N I O N

David S. Shaheen appeals from the trial court's take-nothing judgment. We dismiss for want of jurisdiction.

The trial court signed its judgment on February 11, 2009. Shaheen timely filed both a request for findings of fact and conclusions of law and a motion for new trial. In order to timely perfect an appeal pursuant to TEX. R. APP. P. 26.1, the notice of appeal was due to be filed with the clerk of the trial court on or before May 12, 2009 (ninety days after the date the judgment was signed). In order to extend the time for filing the notice of appeal, both the notice of appeal and the motion for

extension of time should have been filed on or before May 27, 2009 (fifteen days after the original due date). TEX. R. APP. P. 26.3.

Shaheen filed the notice of appeal on June 2, 2009. Shaheen filed a motion for extension of time to file his notice of appeal on July 6, 2009. Neither the notice of appeal nor the motion meet the time requirements of Rule 26.3.

In both his motion and his certificate of service on his notice of appeal, Shaheen states that he mailed his notice of appeal on May 29, 2009, seventeen days after the original due date. Therefore, we are unable to apply the mail box provision of TEX. R. APP. P. 9.2 to consider the notice of appeal "filed" as of the date of mailing. Because the notice of appeal was not filed during the Rule 26.3 fifteen-day time frame, we are unable to imply the timely filing of the motion under the provisions of *Verburgt v. Dorner*, 959 S.W.2d 615 (Tex. 1997).

Absent compliance with Rules 26.1 and 26.3, the appellate jurisdiction of this court is not invoked. Shaheen's motion for extension of time to file his notice of appeal is overruled, and the appeal is dismissed for want of jurisdiction.

PER CURIAM

July 30, 2009

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

2